IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-02538-KLM

JOSHUA PEARSON,

     Plaintiff,

v.

COLORADO DEPARTMENT OF TRANSPORTATION,
AARON ADAME, and,
DOES 1-20,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Defendants' **Motion to Dismiss The First Amended Complaint** [#36][1] (the "Motion"). Plaintiff filed a Response [#46] in opposition to the Motion, and Defendants filed a Reply [#47]. The parties have consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2(d). *See* [#23]. The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#36] is **GRANTED**.

**I. Background**[2]

_____

    [1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

    [2] For the purposes of this Motion [#36], the Court takes all allegations in the Amended Complaint [#34] in the light most favorable to Plaintiff as the nonmovant. *Mobley v. McCormick*, 40

Plaintiff is a resident of Brighton, Colorado, who lost his home in the wildfire that started on October 3, 2016, in Beulah, Colorado. *Am. Compl.* [#34] at 17. The circumstances surrounding the origin of the wildfire form the basis for Plaintiff's claims.

The day the fire started, Defendant Colorado Department of Transportation ("CDOT") assigned its employee, Defendant Aaron Adame ("Adame"), to maintain a rock formation designed to protect a nearby bridge from erosion. *Id.* at 3. The National Weather Service issued a "red-flag" fire warning that was in effect while he completed this task. *Id.* at 11. Defendant Adame utilized an excavator to move large stones up a bank and into position. *Id.* at 4. In the course of moving these stones, Plaintiff alleges that Defendant Adame struck a rock with the steel bucket of his excavator, which sparked and ignited nearby brush. *Id.* at 7, 11. Plaintiff further alleges that Defendant Adame's actions were the cause of the Beulah Wildfire, and thus attributes the loss of his home to Defendants. *Id.* at 12.

Plaintiff initiated this lawsuit on October 3, 2018, *see Compl.* [#1], and filed an Amended Complaint [#34] on February 19, 2019. In his Amended Complaint [#34], Plaintiff asserts two claims: (1) a substantive due process claim under the Fourteenth Amendment for the loss of his property in the wildfire, and (2) a "Colorado Governmental Immunity Act ("CGIA") claim" for "intentional, deliberate, as well as reckless, willful and wanton, and/or negligent conduct." *Id.* at 22. Plaintiff brings his substantive due process claim against Defendant Adame in his individual capacity only, and the CGIA claim against Defendants Adame and CDOT. *Id.* at 17, 20. As relief, Plaintiff seeks damages and unspecified injunctive and declaratory relief. *Id.* at 22. In the present Motion [#36], Defendants seek

F.3d 337, 340 (10th Cir. 1994).

dismissal of both claims.

## II. Legal Standard

Rule 12(b)(6) tests "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiff[ ] [has] not nudged [his] claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted).

Similarly, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do. Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). That said, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests;" the 12(b)(6) standard does not "require that the complaint include all facts necessary to carry the plaintiff's burden." *Khalik*, 671 F.3d at 1192 (citation omitted).

Further, "[t]he plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 566 U.S. at 678 (citation omitted). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citation omitted).

To determine if a complaint survives a motion to dismiss, courts utilize Rule 8, instructing that "[a] plaintiff must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tuttamore v. Lappin*, 429 F. App'x 687, 689 (10th Cir. 2011) (quoting Fed. R. Civ. P. 8(a)(2)). As with Rule 12(b)(6), "to overcome a motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." *Id.* Indeed, "Rule 8(a)'s mandate. . . has been incorporated into the 12(b)(6) inquiry." *United States ex rel. Lemmon v. Envirocare of Utah*, 614 F.3d 1163, 1171 (10th Cir. 2010). Rule 8 enables "the court and the defendants to know what claims are being asserted and to determine how to respond to those claims." *Tuttamore*, 429 F. App'x at 689.

### III. Analysis

### A.    Fourteenth Amendment Substantive Due Process Claim

Plaintiff alleges that Defendant Adame infringed his Fourteenth Amendment substantive due process rights by causing Plaintiff to lose his home in the wildfire. In response, Defendant Adame asserts qualified immunity. Specifically, he contends that (1)

Plaintiff failed to plead a constitutional violation because Defendant Adame's conduct did not shock the conscience, and (2) Plaintiff failed to demonstrate that Defendant Adame's conduct was clearly established to be unconstitutional at the time of the alleged violation. *Motion* [#36] at 3-19.

Certain government officials may be exempt from liability when sued in their individual capacities, as a result of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-18 (1982). When a defendant asserts qualified immunity, the plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct. *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014). Courts may exercise discretion regarding which of the two prongs to address first, as the failure of a single prong will trigger qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Here, the Court need only address the "clearly established" element.

When addressing the second prong of the qualified immunity analysis, courts inquire as to whether the defendant's actions violated clearly established standards. *Saucier v. Katz*, 533 U.S. 194, 208 (2001). "The law is clearly established when a Supreme Court or Tenth Circuit decision is on point, or if the clearly established weight of authority from other courts shows that the right must be as plaintiff maintains." *Mimics, Inc. v. Vill. of Angel Fire*, 394 F.3d 836, 842 (10th Cir. 2005) (quoting *Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1248 (10th Cir. 2003)). The Supreme Court recently explained that lower courts should not define clearly established law at a high level of generality. *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (per curiam). Rather, "[t]he dispositive question is 'whether the violative nature of particular conduct is clearly established.'" *Id*. (quoting *Ashcroft v.*

*al-Kidd*, 563 U.S. 731, 742 (2011)).  The Supreme Court emphasized that "[t]his inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'"  *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)).  "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'"  *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir. 2016) (quoting *Mullenix*, 136 S. Ct. at 308).  Although a plaintiff could prevail against a qualified-immunity defense without a favorable case directly on point, "existing precedent must have placed the statutory or constitutional question 'beyond debate.'"  *Id.* (emphasis added) (quoting *Mullenix*, 136 S. Ct. at 308).

Defendants argue that Plaintiff has not shown a constitutional violation was clearly established by October 3, 2016, the date when the Beulah Wildfire began.  *Motion* [#36] at 10-11.  Accordingly, the burden shifts to Plaintiff to identify Tenth Circuit precedent or the clearly established weight of cases from other jurisdictions that establishes Defendant Adame's conduct to be a constitutional violation.  *Estate of Booker*, 745 F.3d at 411.  Plaintiff attempts to satisfy this burden by identifying two Colorado criminal statutes, Colo. Rev. Stat. § 18–4–401 and Colo. Rev. Stat. §18–4–101 (prohibiting theft and arson, respectively) and by citing to the language of the Fourteenth Amendment.  *Response* [#46] at 3.  However, Plaintiff's argument is insufficient.

Defendants identify the flaw in Plaintiff's argument by pointing out that the general assertion that Plaintiff has a right to his property does not clearly establish Defendant Adame's conduct to be unconstitutional.  *Reply* [#47] at 3.  Plaintiff's argument that "the right was common knowledge" and that the general language of the Fourteenth Amendment prohibits Defendant Adame's conduct is a general proposition that the

Supreme Court has held to be insufficient to bar qualified immunity. *Al-Kidd*, 563 U.S. at 742 (holding that "[t]he general proposition, for example, that an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established"); *Mullenix*, 136 S. Ct. at 311 (holding that the second step of the qualified immunity analysis must be considered in "the specific context of the case"). The Supreme Court dealt with a similar argument in *Anderson v. Creighton*:

> The operation of this standard, however, depends substantially upon the level of generality at which the relevant "legal rule" is to be identified. For example, the right to due process of law is quite clearly established by the Due Process Clause, and thus there is a sense in which any action that violates that Clause (no matter how unclear it may be that the particular action is a violation) violates a clearly established right. Much the same could be said of any other constitutional or statutory violation. But if the test of "clearly established law" were to be applied at this level of generality, it would bear no relationship to the "objective legal reasonableness" that is the touchstone of *Harlow*. Plaintiffs would be able to convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.

483 U.S. 635, 639 (1987).

To overcome a defense of qualified immunity, Plaintiff must present a case on point with a particularized set of facts, not a generalized assertion that the Fourteenth Amendment prohibits the result of Defendant Adame's conduct. *Mullenix*, 136 S.Ct. at 311. The Court is unpersuaded that Plaintiff's citations of Colorado criminal statutes are particularized to Defendant Adame's conduct of operating heavy machinery or in the context of a fire warning. Furthermore, the Court's independent research has also failed to find support for Plaintiff's notion that operating heavy machinery during a fire warning is a clearly established violation of the Fourteenth Amendment. Because Plaintiff has failed to carry his burden to demonstrate that the law was clearly established, even if the

underlying conduct were, arguendo, a constitutional violation, Defendant Adame is entitled to qualified immunity. *Estate of Booker*, 745 F.3d at 411. Accordingly, the Court need not address the first prong of the qualified immunity analysis. *Pearson*, 555 U.S. at 231.

Accordingly, the Motion [#36] is **granted** to the extent that Plaintiff's claim against Defendant Adame for denial of substantive due process under the Fourteenth Amendment is **dismissed with prejudice**. *See Okusami v. Psychiatric Inst. of Wash.*, 959 F.2d 1062, 1066 (D.C. Cir. 1992) (holding that the dismissal of an action "pursuant to Rule 12(b)(6) is a resolution on the merits and is ordinarily prejudicial"); *accord Brierly v. Schoenfeld*, 781 F.2d 838 (10th Cir. 1986) (affirming a district court decision to dismiss with prejudice an action brought under 42 U.S.C. § 1983).

## B.    Doe Defendants

Plaintiff also asserts the substantive due process claim against Defendants identified only as Does 1-20, all sued in their individual capacities. *Am. Compl.* [#34] at 2-3, 17. "[P]ursuant to Fed. R. Civ. P. 10, a caption to a complaint must include the names of all parties." *Culp v. Williams*, No. 10-cv-00886-CMA-CBS, 2011 WL 1597686 (D. Colo. Apr. 27, 2011) ("*Culp I*"), *aff'd*, 456 F. App'x 718 (10th Cir. 2012) ("*Culp II*"). The "Federal Rules of Civil Procedure do not explicitly allow the naming of fictitious or anonymous parties in a lawsuit, [therefore,] 'an action may be dismissed if the defendant is not sufficiently identified to permit service of process.'" *Culp I*, 2011 WL 1597686, at *3 (quoting *Stratton v. City of Boston*, 731 F. Supp. 42, 45 (D. Mass. 1989)); *see also* 2 James Wm. Moore et al., *Moore's Federal Practice* § 10.02[2][d] at 10-16 (3d ed. 2010) ("The court will not permit use of the 'Doe' designation for a defendant if the plaintiff's ignorance of the defendant's true identity is the result of willful ignorance or lack of reasonable inquiry. If reasonable

inquiry would have revealed the true identity, a pleading naming John Doe defendants will be dismissed.").

Here, Plaintiff filed suit on October 3, 2018, and has failed to amend his complaint to include the names of the individuals he named as Defendants Does 1–20. The Court recognizes that Plaintiff has not had the benefit of discovery in this case "which could disclose the exact identity of the [individuals] whom plaintiff" has identified as Does 1-20. *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (denying motion to dismiss John Doe defendants for failure to identify the individuals prior to discovery but dismissing the plaintiff's *Bivens* claims precluded by federal statute), *aff'd in part and rev'd in part on other grounds*, 333 F.3d 273 (D.C. Cir. 2003). However, the Court should only allow claims against parties whose names are unknown to proceed "if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Hartley v. Wilfert*, 931 F. Supp. 2d 230, 233 (D.D.C. 2013) (quotation and citation omitted). Here, Plaintiff simply states that the Doe Defendants are "unknown and *unknowable* CDOT employees" and "unknown and *unknowable* managers/supervisors/ superiors" who worked with or controlled Defendant Adame's actions on the day at issue. *Am. Compl.* [#34] ¶¶ 5-6 (emphasis added).

Accordingly, Plaintiff's substantive due process claim against the Doe Defendants is **dismissed without prejudice**. *See Culp II*, 456 F. App'x at 720 (affirming dismissal without prejudice of claims against John Doe defendants); *Culp I*, 2011 WL 1597686, at *4 (dismissing claims against John Doe defendants without prejudice "due to Plaintiff's failure to identify properly these Defendants and to exhaust his administrative remedies in connection with these claims").

**C.     CGIA Claim**

Plaintiff also raises a tort claim, improperly identified as a "CGIA claim" against Defendants. *Am. Comp.* [#34] at 20.   However, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims."  *Smith v. City of Enid ex rel Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).   Because the only federal claim before the Court has been dismissed, the Court declines to exercise jurisdiction over the "CGIA" claim.

Accordingly, the Motion [#36] is **granted** to the extent that Plaintiff's CGIA claim is **dismissed without prejudice**.  *See Bauchman v. West High Sch.*, 132 F.3d 542, 549 (10th Cir. 1997) (stating that where supplemental jurisdiction is declined over state law claims, those claims must be dismissed without prejudice).

### IV.  Conclusion

Accordingly, for the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#36] is **GRANTED,** that Plaintiff's Fourteenth Amendment claim is **DISMISSED with prejudice** as to Defendant Adame and **without prejudice** as to the Doe Defendants, and that Plaintiff's CGIA claim is **DISMISSED without prejudice**.

IT IS FURTHER **ORDERED** that the Clerk of Court shall **close** this case.

Dated:  August 5, 2019

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge